**Jude Rea MERAZ, Petitioner— Appellant,**

v.

**Susan YEARWOOD, Attorney General of the State of California, Respondents—Appellees.**

No. 00–56660.

D.C. No. CV–99–00450–RT.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 11, 2002.

Decided Oct. 2, 2002.

Before THOMPSON and RAWLINSON, Circuit Judges, and SCHWARZER, Senior District Court Judge.*

MEMORANDUM **

Jude Rea Meraz ("Meraz") filed a habeas petition following his state court murder

---

* The Honorable William W Schwarzer, United States Senior District Judge for the Northern District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

conviction. We granted a COA with respect to one issue: was there sufficient evidence to support the finding that the murder of which Meraz was convicted was committed for the benefit of a criminal street gang pursuant to California Penal Code § 186.22(b)?

"A habeas petitioner challenging his state criminal conviction under 28 U.S.C. § 2254 based on sufficiency of the evidence 'is entitled to habeas corpus relief if it is found that upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt.'" *Turner v. Calderon,* 281 F.3d 851, 881 (9th Cir.2002) (*quoting Jackson v. Virginia,* 443 U.S. 307, 324, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)). "[T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* (citation omitted) (emphasis in the original).

To trigger the consequences of Cal.Penal Code § 186.22, "the prosecution must prove that the crime for which [Meraz] was convicted had been committed for the benefit of, at the direction of, or in association with any criminal street gang, with the specific intent to promote, further, or assist in any criminal conduct by gang members." *People v. Villegas,* 92 Cal. App.4th 1217, 1227, 113 Cal.Rptr.2d 1 (4th Dist. 2002) (internal quotation marks omitted).

The prosecution introduced evidence of the commission of predicate criminal acts by members of the gang to which Meraz belonged. The jury also heard from two gang experts concerning Meraz' membership in the gang, associations within the gang, and physical markings or symbols of the gang. Contrary to Meraz' contention, the officers' expert testimony, in combination with the other evidence in the case, was sufficient to support the gang enhancement.

Viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have concluded beyond a reasonable doubt that the murder was committed to provoke fear of the members of Meraz' gang. The instilled fear in turn advanced the criminal objectives of the gang. *See Jackson v. Virginia,* 443 U.S. at 319, 99 S.Ct. 2781.

AFFIRMED.

SCHWARZER, District Judge, dissenting.

SCHWARZER, District Judge.

I respectfully dissent. California Penal Code section 186.22, under which Meraz was sentenced, requires proof that "the crime for which [Meraz] was convicted had been committed ... with the specific intent to promote, further, or assist in any criminal conduct by gang members." At the trial there was no evidence from which the jury could find that Meraz acted with the specific intent to promote, further, or assist in any criminal conduct by gang members. The only gang-related evidence came from the state's expert who testified to the benefit the gang would receive from the killing by enhancing its power of strength through fear and intimidation. The Court of Appeal's findings confirm the absence of evidence of the requisite specific intent. It found that the motives for the killing arose out of name-calling between Meraz's mother and the victim's sister and Meraz's anger that the victim was going out with other men. It concluded only that the evidence showed that Meraz shot the victim, his girlfriend, to maintain his respect in the gang and that the gang benefited from increased respect as a re-

sult of the killing, not that Meraz acted with the requisite specific intent.

The statute plainly requires proof, not only of benefit to the gang, but also of the defendant's specific intent to assist in criminal conduct by gang members. This requirement was ignored by the state courts and the district court. Because there was no proof of the requisite specific intent, I would reverse with directions to grant the petition.